IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JENNIFER L. ROLLINS | ) | |
| | ) | |
| v. | ) | No. 3:18-0252 |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION | ) | |

To:     The Honorable William L. Campbell, Jr., District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

Pending before the Court is Plaintiff's motion for judgment on the administrative record.

*See* Docket Entry ("DE") 13. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and

1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration

("Commissioner"). At issue is whether the administrative law judge ("ALJ") erred in finding that

Plaintiff was "not disabled," and therefore not entitled to Disability Insurance Benefits ("DIB") or

Supplement Security Income ("SSI"). (*See* Administrative Transcript (DE 12) at 7-9).[1] This matter

has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b), for initial consideration and

a report and recommendation. *See* DE 4.

Upon review of the administrative record and consideration of the parties' filings, I find no

error that would necessitate remand in this case and therefore recommend that Plaintiff's motion

for judgment on the administrative record (DE 13) be **DENIED.**

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "Tr."
followed by the corresponding page number(s) as denoted by the large black print on the bottom right corner
of each page.

**I.       FACTS AND PROCEDURAL HISTORY**

Plaintiff protectively filed applications for DIB and SSI on September 15, 2014 due back

and neck pain, arthritis, depression, and anxiety, with an alleged disability onset date of October

1, 2013. (Tr. 69-70, 143). Her applications were denied initially and upon reconsideration. (Tr. 69-

70, 103-04). Pursuant to her request for a hearing before an ALJ, Plaintiff appeared with counsel

and testified at a hearing before ALJ Donald E. Garrison on November 15, 2016. (Tr. 41). On

February 1, 2017, the ALJ denied the claim. (Tr. 7-9). On December 4, 2017, the Appeals Council

denied Plaintiff's request for a review of the ALJ's decision. (Tr. 1-4). Therefore, the ALJ's

decision stands as the final determination of the Commissioner.

As part of the decision, the ALJ made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since October 1, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: lumbar and cervical degenerative disc disease; chronic obstructive pulmonary disease; obesity; and panic disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is limited to occasionally climbing, balancing, stooping, kneeling, crouching, and crawling. She is required to exercise a sit/stand [option], alternating sitting and standing every 30 minutes. She is limited to frequently reaching, and pushing and pulling using the hands and arms. She is limited to occasional overhead work. She is limited to frequent handling, fingering, and feeling. She cannot be exposed to irritable inhalants, extreme wetness, and work hazards. The claimant can understand, remember, and

carry out short and simple instructions and make judgments on simple work-related decisions. She is limited to occasional contact with the public.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.  The claimant was born on May 26, 1975 and was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 12-26).

On appeal, Plaintiff submits two assertions of error: (1) that the ALJ failed to properly consider the opinions of treating and examining sources; and (2) that the ALJ improperly discounted Plaintiff's credibility. DE 14 at 7, 11. Plaintiff therefore requests that this case be reversed and benefits awarded or, alternatively, remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. *Id.* at 13.

**II. ANALYSIS**

**A. Standard of Review**

On appeal, the Court is charged with determining whether the ALJ's decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). If substantial evidence supports the ALJ's decision, that decision must be affirmed "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). As explained by the Sixth Circuit:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

The Commissioner employs a five-step sequential evaluation process in considering whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). If the issue of disability can be resolved at any point in the evaluation process, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id*. §§ 404.1520(a)(4), 416.920(a)(4). At step one, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought; at step two, the ALJ considers whether one or more of the claimant's alleged impairments are "severe" in nature; at step three, the ALJ determines whether the impairments at

4

issue meet or equal one of the Listings contained in the regulatory List of Impairments; at step four, the ALJ considers the claimant's residual functional capacity ("RFC") and determines whether the claimant can still perform past relevant work; and at step five, the burden of proof shifts to the ALJ to assess whether the claimant, after establishing that past relevant work is no longer possible, is capable of performing other types of work. *Id*. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

If the ALJ determines at step four that the claimant can perform past relevant work, the claimant is deemed "not disabled" and the ALJ need not complete the remaining steps of the sequential analysis. *Id*. §§ 404.1520(a), 416.920(a). "Past relevant work" is defined as work that claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006) (citing 20 C.F.R. § 404.1560(b)(1)). If the claimant is incapable of performing past relevant work, however, the ALJ proceeds to step five to determine whether, in light of the claimant's RFC, age, education, and work experience, the claimant can perform other substantial gainful employment and whether such employment exists in significant numbers in the national economy. In determining a claimant's RFC, the ALJ is required to consider the combined effect of all of the claimant's impairments, mental and physical, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B).

The Court's review of the Commissioner's decision is limited to the record made during the administrative hearing process. *Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (*Myers v.*

*Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984) (citing 42 U.S.C. § 405(g)).

## B. The Commissioner's Decision

The ALJ resolved the current Plaintiff's claim at step five of the five-step process. Although Plaintiff was found to have met the first two steps, the ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, and was therefore not presumptively disabled. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed her to perform a range of light work with express limitations to account for her severe impairments, and that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform despite such limitations. (Tr. 12-26).

## C. Assertions of Error

### 1. The opinion evidence.

On August 26, 2015, Sarah Welch, a nurse practitioner, completed a "mental impairment questionnaire" in which she diagnosed Plaintiff with non-specific mood and anxiety disorders and opined that Plaintiff suffered from "moderate-to-marked" limitations in understanding and remembering detailed instructions, performing activities within a schedule, completing a workday without interruption from psychological symptoms, and performing at a consistent pace without rest periods of unreasonable length or frequency. (Tr. 737-41). The ALJ accorded this opinion

"some weight" based on his conclusion that the medical evidence did not support a finding that Plaintiff experienced more than moderate mental limitations. (Tr. 16).

Plaintiff contends that the ALJ erred by failing to properly consider the opinion of her "treating source," Ms. Welch, regarding the severity of her alleged mental impairment. DE 14 at 7-10. Specifically, Plaintiff claims that the ALJ erred by failing to "give good reasons for disregarding Ms. Welch's opinion." *Id*. at 9.

Plaintiff's argument is without merit. It is true that pursuant to the so-called "treating physician rule," which applies to claims filed before March 27, 2017, such as the instant one, the ALJ is required to accord controlling weight to the opinion of a treating *physician* if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2). A nurse practitioner, however, is not an "acceptable medical source" and therefore Ms. Welch's opinion is not subject to the scrutiny of the treating physician rule. *See* SSR 06-03p, 2006 WL 2329939, at *2 (August 9, 2006) (noting nurse practitioners are "other sources" that cannot establish the existence of medically determinable impairment).[2] While opinions from such sources are probative with respect to the severity of a condition, *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007), they cannot be given controlling weight, nor are they "entitled to any special deference." *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 550 (6th Cir. 2014). Plaintiff's reliance on Sixth Circuit case law pertaining to opinions from treating physicians is therefore misplaced.

---

[2] SSR 06-03p was rescinded effective March 27, 2017, but applied at the time of Plaintiff's application and the ALJ's decision.

Plaintiff additionally faults the ALJ for relying on reports from consultative examiner Jeffrey Viers and two state agency physicians because these opinions were issued prior to the completion of Ms. Welch's "mental impairment questionnaire." DE 14 at 9-10. Citing the Sixth Circuit's decision in *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399 (6th Cir. 2009), Plaintiff argues that according greater weight to opinions from non-treating and non-examining physicians whose opinions pre-date one "from another source [] who did not have access to the entire record[] is not appropriate." DE 14 at 10. Plaintiff's argument is unavailing for multiple reasons, one of which is that her facile interpretation of the Sixth Circuit's opinion would require the ALJ to dismiss any non-examining physician's opinion if it preceded one from a subsequent physician given that the former individual would, by definition, "not have access to the entire medical record." The Sixth Circuit has instead specifically noted that "[t]here is no categorical requirement that the non-treating source's opinion be based on a complete ... case record. The opinion[] need only be supported by evidence in the case record." *Helm v. Comm'r of Soc. Sec. Admin.*, 405 F. App'x 997, 1002 (6th Cir. 2011). The Sixth Circuit has also directly rejected Plaintiff's position. *See Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 632 (6th Cir. 2016) (noting that *Blakley* is "far more limited" and contains no "blanket prohibition on an ALJ's adoption of a non-examining source opinion, where that source has not reviewed the entire record").

Additionally, *Blakley* reversed an administrative opinion based on the subject ALJ's failure to comply with the treating physician rule, which, as discussed *supra*, is not applicable in this matter. *See Robinson v. Comm'r of Soc. Sec.*, No. 5:14-cv-291, 2015 WL 1119751, at *11 (N.D. Ohio Mar. 11, 2015) ("An ALJ's *unsupported rejection of a treating source* and reliance on non-examining sources without full access to the record appeared to be the overriding danger that

existed in *Blakley,* is not similarly present here.") (emphasis added). The Sixth Circuit also emphasized the "volume and type of records that the consultants failed to review," which included over 300 pages of additional office visits with treating physicians. *Curry v. Colvin*, No. 4:13-cv-00312, 2013 WL 5774028, at *17 (N.D. Ohio Oct. 24, 2013) (citing *Blakley* 581 F.3d at 409). In contrast, Plaintiff cites generally to 265 pages of therapy notes at the Guidance Center (DE 14 at 10), which primarily document medication management visits that took place prior to issuance of the opinions from the state physicians and the consultative examiner. (Tr. 94, 114, 571, 606-736, 766-901). In fact, the only specific visits referenced by Plaintiff involve encounters with Ms. Welch between May of 2013 and July of 2014 (DE 14 at 8), all of which took place before these reports were completed. (Tr. 94, 114, 571, 648, 654, 661, 667, 693, 700). Plaintiff's own brief thus moots any application of *Blakley*.

The only other evidence cited by Plaintiff to support her argument regarding Ms. Welch's opinion is a global assessment of functioning ("GAF") score of 50 assigned in December 2012 and August 2015 (Tr. 618, 737). A GAF score is a "clinician's subjective rating, on a scale of zero to 100, of an individual's overall psychological functioning." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 503, n.7 (6th Cir. 2006). Plaintiff claims that the ALJ erred by "completely ignor[ing] the consistency" of these two GAF scores, which purportedly indicate "serious symptoms ... or any serious impairment in social, occupational, or school functioning[.]" Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed., Text Revision 2000). While Plaintiff correctly notes that the undersigned "can certainly consider the Plaintiff's GAF scores" (DE 14 at 9), such scores do little to bolster her argument given that GAF scores are not considered relevant to a determination of disability. *See Kornecky*, 167 F. App'x at

511 ("[W]e are not aware of any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score in the first place."). The Sixth Circuit has made clear that "failure to reference a [GAF] score is not, standing alone, sufficient ground to reverse a disability determination," *DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 415 (6th Cir. 2006) (citing *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002)), and has additionally indicated that irrespective of the applicability of a GAF score in a social security context, the current Plaintiff's score is inadequate to demonstrate the presence of a disabling condition. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007) ("Even assuming GAF scores are determinative, the record supports a GAF in the high 40s to mid 50s, which would not preclude her from having the mental capacity to hold at least some jobs in the national economy.").

Finally, Plaintiff tacks on a perfunctory assertion that the ALJ erred by assigning little weight to the opinion of Dr. Barry Workman (Tr. 21), a consultative examiner who provided an opinion regarding Plaintiff's physical condition on November 8, 2014. (Tr. 576). Dr. Workman opined that, during an eight-hour workday, Plaintiff's back pain would limit her to "occasional" standing, "frequent" sitting, "occasional" walking, and "occasional" lifting and carrying of less than five pounds. (Tr. 581). The ALJ based his decision to discount this opinion on inconsistency with other medical evidence, including Dr. Workman's own examination findings, and the fact that his proffered functional limitations appeared to stem from Plaintiff's own subjective complaints. (Tr. 21).

In support of her claim that Dr. Workman's opinion is supported by medical evidence, Plaintiff identifies a single physical therapy note from October 21, 2013 documenting her alleged difficulty with activities of daily living. DE 14 at 10. Plaintiff brazenly contends that there is "no

evidence in the record which suggests that [she] experienced any significant improvement in her physical symptoms after this date" (*id*.), despite the fact that the same physical therapist noted "significant improvement" in Plaintiff's condition just two days later. (Tr. 407). Plaintiff in fact demonstrated consistent improvement with her physical symptoms following the October 21 encounter (Tr. 418, 423, 430, 433, 436), and noted a "significant increase" in her daily activity on November 18, 2013. (Tr. 431). Her final encounter with the therapist documents an ability to complete all exercises without any increase in pain and "no difficulty with daily activities." (Tr. 446). In short, Plaintiff's argument is entirely unpersuasive.

The ALJ appropriately discounted the opinions of Ms. Welch and Dr. Workman after discussing their inconsistency with other evidence, including mild examination findings and the inconsistency of Plaintiff's subjective complaints regarding the severity of her symptoms. (Tr. 14-16, 20-21). In addition to mischaracterizing Ms. Welch as a provider whose opinion is subject to the "treating physician rule," Plaintiff conveniently ignores the relatively normal physical findings derived from imaging studies, which repeatedly demonstrated "only mild" degenerative disc disease." (Tr. 580, 950, 1028). Indeed, Plaintiff fails to introduce any evidence that undermines the ALJ's conclusions, as is her burden. *See Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 540 (6th Cir. 2014) (noting that it is the claimant's burden to "demonstrate that the ALJ's determination that [she] was not disabled is not supported by substantial evidence"). This assertion of error must therefore be rejected.

### 2. Credibility.

Plaintiff's next assertion of error involves the ALJ's determination that her allegations regarding the severity of her symptoms were not entirely consistent with the evidence contained

in the record. (Tr. 19).[3] When a claimant alleges the existence of disabling symptoms, the ALJ

must examine whether medical evidence supports a finding of an underlying medical condition

and, if so, determine whether the condition is of such a severity that it could reasonably be expected

to produce the alleged symptoms. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853

(6th Cir. 1986). If the claims are not substantiated by medical evidence, the ALJ is required to

evaluate the consistency of the claimant's allegations based on the record. SSR 16-3p, 2016 WL

1119029, at *2 (March 16, 2016). An ALJ's determination regarding a claimant's credibility may

not be disturbed "absent compelling reason." *See Smith v. Halter*, 307 F.3d 377, 379 (6th Cir.

2001) (citing *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987)). Even

if the determination is based partially on invalid reasons, it "will be upheld as long as substantial

evidence remains to support it." *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 507 (6th Cir.

2013).

Plaintiff's lone assertion is that the ALJ improperly considered evidence that she regularly

shops at a grocery store and that she hosted a Super Bowl party in 2015. DE 14 at 11-12. Plaintiff

notes that despite such evidence, she testified that grocery shopping is "very hard" due to anxiety

(Tr. 56) and a therapy note documents her complaint that it was difficult to host the Super Bowl

party. (Tr. 894). Even assuming that such evidence weighs in her favor, there is ample evidence to

support the ALJ's credibility assessment and thereby negate her argument. *See Longworth v.*

---

[3] This determination was formerly known as a "credibility" finding. Social Security Ruling ("SSR") 96-7p, 1996 WL 374186 (July 2, 1996). SSR 16-3p, which replaced SSR 96-7p and was in effect at the time of the administrative hearing, removes the term "credibility" and directs the ALJ to consider a claimant's "statements about the intensity, persistence, and limiting effects of the symptoms," and "evaluate whether the statements are consistent with objective medical evidence and other evidence." 2016 WL 1119029, at *6. Nevertheless, the differences between the two rulings appears to be mostly cosmetic as case law pertaining to "credibility" assessments remains applicable.

*Comm'r Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.") (internal citations and quotations omitted). For example, the ALJ noted that while Plaintiff alleges that she stopped working "because of [her] condition(s)," including "really bad" neck pain (Tr. 50, 255), she previously reported that the plant where she last worked had relocated and that she had been "laid off." (Tr. 18, 20, 573, 577). Such evidence tends to support the ALJ's evaluation. *See Mendiola v. Soc. Sec. Admin.*, No. 3:15-cv-0995, 2016 WL 5800470, at *5 (M.D. Tenn. Sept. 30, 2016) ("An individual who leaves the last job for reasons unrelated to any disability casts doubt on the reasons they are not working.") (citing *Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004)). The ALJ also highlighted Plaintiff's decision to continue smoking despite being diagnosed with chronic obstructive pulmonary disease ("COPD") and being prescribed medication to help with cessation, (Tr. 18, 22, 1097, 1099), which similarly bolsters his determination. *See Marshall v. Comm'r of Soc. Sec.*, No. 13-CV-14255, 2015 WL 777940, at *7 (E.D. Mich. Feb. 24, 2015) (noting that the Sixth Circuit "considers whether a claimant has followed a physician's advice to quit smoking to be a relevant factor in evaluating the claimant's credibility") (collecting cases).

The ALJ's credibility discussion also included references to Plaintiff's inconsistent allegations regarding the use of a cane and side effects allegedly stemming from her medication (Tr. 19, 22), as well as normal examination findings and the overall conservative nature of her treatment (Tr. 19-21), as was appropriate. *See Peters v. Colvin*, No. 2:15-cv-217, 2016 WL 4965114, at *9 (E.D. Tenn. Aug. 26, 2016), *report and recommendation adopted*, 2016 WL 4921031 (E.D. Tenn. Sept. 14, 2016) (affirming ALJ's credibility determination because

conservative treatment "suggests the absence of a disabling condition.") (quoting *Branson v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 678 (6th Cir. 2013)). The ALJ even noted that despite testifying in November of 2016 that she never visits people, never goes to public places, and partakes in no extracurricular activities (Tr. 56), Plaintiff reported to Ms. Welch that she was in Colorado less than two months earlier. (Tr. 22, 873). Plaintiff's narrow focus on grocery shopping and party-hosting does little to overcome the substantial evidence cited by the ALJ in support of his determination. This assertion of error is therefore rejected.

### III. CONCLUSION

For the above stated reasons, it is recommended that Plaintiff's motion for judgment on the administrative record (DE 13) be DENIED and the Commissioner's decision be AFFIRMED.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this Report and Recommendation or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. Rule 72(b).



**Signed By:**
**_J. Gregory Wehrman_**
**United States Magistrate Judge**