# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JENNIFER L. ROLLINS, | ) |
| Plaintiff, | ) |
| | ) NO. 3:18-cv-00252 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) MAGISTRATE JUDGE WEHRMAN |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jennifer Rollins brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Social Security Administration's ("SSA") denial of her application for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act.

On February 28, 2019, the magistrate judge issued a Report and Recommendation ("R&R") (Doc. No. 16), recommending that the Court deny Plaintiff's Motion for Judgment on the Administrative Record. Plaintiff filed timely objections (Doc. No. 17), to which the Commissioner has responded (Doc. No. 21). For the reasons discussed herein, the Objections are OVERRULED, the R&R is ADOPTED, Plaintiff's Motion for Judgement Based on the Administrative Record is DENIED.

## PROCEDURAL HISTORY

Plaintiff Jennifer Rollins filed an application for disability insurance benefits on September 15, 2014, alleging that she had been disabled since October 1, 2013, due to back and neck pain, arthritis, depression, and anxiety. (Administrative Transcript ("TR"), Doc. No. 10.) Plaintiff's application was denied initially (TR 69-70) and upon reconsideration (TR 103-04). Plaintiff

subsequently requested and received a hearing. (TR 41.) Following a hearing on November 15, 2016, Administrative Law Judge ("ALJ") Donald E. Garrison issued an unfavorable decision on February 1, 2017. The Appeals Council denied Plaintiff's request for a review of the ALJ's decision. Therefore, the ALJ's decision stands as the final determination of the Commissioner.

The ALJ determined that Plaintiff is not disabled under sections 216(i) and 223(d) of the Social Security Act. (TR 26.) The ALJ found that although Plaintiff suffers from lumbar and cervical degenerative disc disease, chronic obstructive pulmonary disease, obesity, and panic disorder, she has residual functional capacity to perform light work with some limitations. (TR 23-24.) The ALJ found that there are jobs Plaintiff can perform existing in the national economy in significant numbers. (TR 25-26.)

Plaintiff filed a Complaint initiating this action on March 2, 2018. (Doc. No. 1.) The Commissioner filed an Answer (Doc. No. 9) denying liability, and a complete copy of the Administrative Record (Doc. No. 10). On June 8, 2018, Plaintiff filed a Motion for Judgment Based on the Administrative Record and a supporting memorandum. (Doc. Nos. 13 and 14.) The Commissioner filed a Response (Doc. No. 15).

Plaintiff asserts that the ALJ failed to consider properly the opinions of treating and examining sources and improperly discounted Plaintiff's credibility. The magistrate judge issued an R&R, recommending the Court deny Plaintiff's motion for judgment on the record and affirm the decision of the ALJ. (Doc. No. 16.) The magistrate judge found the ALJ had properly considered the opinions of treating and examining sources and adequately explained the weight given to their opinions; and found the ALJ made an appropriate determination of Plaintiff's credibility. (*Id.*)

2

Now before the Court are Plaintiff's Objections to the R&R (Doc. No. 17) and the Commissioner's Response to Plaintiff's Objections (Doc. No. 21).

## STANDARD OF REVIEW

The district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b)(1)(C); Local Rule 72.02; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

In Social Security cases, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, as such, entitled to benefits. 42 U.S.C. § 405(h). The Court's review of the decision of the ALJ is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); *see* 28 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal citations omitted). "The substantial evidence standard … presupposes that there is a zone of choice within which the decision makers can go either way,

without interference by the courts." *Blakley*, 581 F.3d at 406 (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). The Court defers to a decision by the ALJ that is supported by substantial evidence "even if there is substantial evidence on the record that would have supported an opposite conclusion." *Id*. (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

## ANALYSIS

Plaintiff objects to the recommendation that the ALJ adequately weighed and considered medical opinion evidence and to the recommendation that the ALJ's credibility finding was supported by substantial evidence.

### A. The ALJ properly considered medical opinion evidence

Plaintiff presents three objections to the ALJ's assessment of medical opinion evidence. First, she objects that the ALJ's assessment of opinion evidence from Ms. Walsh, a nurse practitioner, was not adequately explained and argues it is not clear from the record that the ALJ considered the factors found in 20 C.F.R. § 404.1527(c). Second, she objects to the magistrate judge's application of *Blakley v. Comm'r of Social Security*, 581 F.3d 399 (6th Cir. 2009). Third, she objects that the magistrate judge did not address her argument that the ALJ failed to adequately describe the weight given to Dr. Barry Workman's opinion.

#### 1. Ms. Welsh

The ALJ accorded Ms. Welsh's opinion that Plaintiff had "moderate to marked limitations" in certain areas "some weight" based on his assessment that the record does not support more than moderate limitations. Citing *Gayheart v. Comm'r of Social Security*, 710 F.3d 365, 376 (6th Cir. 2013), Plaintiff argues that the ALJ should have described in more detail "anything that might be contradictory or lessen the impact or applicability of opinion evidence." (Doc. No. 17 at 3.)

4

The Court finds that the ALJ properly considered Ms. Welsh's opinion and adequately explained his reasoning for according it "some weight." The opinion of a nurse practitioner is evaluated as a "medical source that is not an acceptable medical source." 20 C.F.R. § 404.1527(f). Because Ms. Welsh is not a treating physician, the ALJ is not required to provide "good reasons" for discounting her opinion. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 550 (6th Cir. 2014). With regard to "other sources," such as Ms. Welsh, the ALJ is required to consider all of the evidence and "generally explain the weight given to opinions." *Id.* (citing 20 C.F.R. § 404.1527(f)(2)).

The case cited by Plaintiff, *Gayheart*, 710 F.3d at 378, does not require the ALJ to do more than the regulation requires – consider all relevant evidence and generally explain the basis of the weight given to the opinion. In *Gayheart*, the court found that the ALJ had sufficiently explained the weight given to one source, whose opinion was discounted as not being supported by the evidence, but had not demonstrated consideration of all relevant evidence when the decision failed to discuss another source entirely. *Id.* at 378-79.

The Court finds that the ALJ sufficiently explained his decision to discount somewhat Ms. Welsh's opinion. After thoroughly discussing Ms. Welsh's opinion, the ALJ explained that he gave the opinion "some weight" because certain aspects of the opinion were not supported by the record as a whole. (Doc. No. 10 at 16.) The ALJ extensively recited the evidence and opinions submitted by the numerous treatment providers and consultants and noted the variations and discrepancies. A more detailed explanation is not required. *See Hill*, 560 F. App'x at 550 (ALJ properly considered an "other source" opinion and explained her reasons for giving it "little to no weight" when the ALJ found the opinion was not supported by the objective record).

### 2. *Blakley*

Plaintiff objects that the magistrate judge misapplied *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399 (6th Cir. 2009), when deciding that the ALJ properly relied on reports from consultative examiner Jeffrey Viers and two state agency physician whose reports were issued prior to the conclusion of all the evidence. She argues that even though *Blakley* does not contain a blanket prohibition on an ALJ adopting a non-examining source's opinion where the non-examining source has not been able to review the entire record, the Sixth Circuit's decision in *Kepke* requires the ALJ give "some indication" that he "at least considered" that the source did not review the entire record. (Doc. No. 17 at 3-4 (citing *Kepke v. Comm'r of Social Security*, 636 Fed. Appx. 625, 632 (6th Cir. 2016)).) Plaintiff argues that "the ALJ does not appear to have given consideration to the recency of the evidence reviewed by the non-examining state agency consultants" and "does not address the completeness of the record at the time of both State agency consultants' review, nor whether the additional evidence gathered since the State agency consultants' review might or might not have affected their consideration." (Doc. No. 17 at 4.)

*Kepke* requires that "before an ALJ accords significant weight to the opinion of a non-examining source who has not reviewed the entire record, the ALJ must give 'some indication' that he 'at least considered' that the source did not review the entire record." *Kepke*, 636 Fed. Appx. at 632. "In other words, the record must give some indication that the ALJ subjected such an opinion to scrutiny." *Id*. In *Kepke*, the court found sufficient scrutiny where the ALJ disagreed with the assessment of one doctor who did not have the benefit of the full record; and the ALJ noted that there had been a change in the claimant's condition since the prior opinion, indicating awareness that the consulting physician did not have the benefit of reviewing all of the records and took that into consideration. *Id*. at 633.

Here, the ALJ has subjected Dr. Vier's opinion to comparable scrutiny. First, the ALJ noted the timing of the consulting doctor's review was at the initial and reconsideration levels of adjudication and that subsequent treating records received at the hearing level did not support significantly worsening limitations. (TR 15.) Additionally, the ALJ questioned the consultant's findings showing no limitations pertaining to Plaintiff's ability to understand and remember and accorded greater weight in this area to the examining source. (*Id.*) Together, these factors indicate that the ALJ was aware of the timing of the consulting doctor's opinion and subjected the opinion to scrutiny.

### 3. Dr. Workman's Opinion

Plaintiff argues that the magistrate judge did not sufficiently address her argument that the ALJ did not adequately describe the weight given to Dr. Barry Workman's opinion. Plaintiff says that ALJ's assessment of Dr. Workman's opinion is "confusing" and "does not adequately explain the weight given." The magistrate judge disagreed, finding that the ALJ "based his decision to discount this opinion on inconsistency with other medical evidence, including Dr. Workman's own examination findings, and the fact that his proffered functional limitations appeared to stem from Plaintiff's own subjective complaints." (Doc. No. 16 at 10.)

The Court agrees with the magistrate judge. The ALJ thoroughly discussed Dr. Workman's opinion and the evidence on which his opinion was based. (TR 20-21.) The ALJ noted inconsistencies between her reported symptoms and Dr. Workman's recorded observations. (*Id.*) For example, Plaintiff told Dr. Workman that she is unable to feed and dress herself, has difficulty standing for 15 to 30 minutes, has difficulty lifting more than five pounds, and is only able to climb one flight of stairs. (*Id.* at 20.) On the other hand, Dr. Workman stated that she "ambulated without difficulty and without assistive device," got up and out of a chair without difficulty, could squat to

7

the floor and recover. (*Id.*) Plaintiff also told Dr. Workman she is able to walk a block on level ground and can sweep, mop, and vacuum for 5 to 15 minutes at a time, and that she drove herself to her appointment. (*Id.*) Dr. Workman's physical examination of Plaintiff showed normal x-rays, no evidence of muscular atrophy, and normal fine and gross manipulative skills. (*Id.* at 21.) Plaintiff did have difficulty touching her toes. (*Id.*) Based on this evidence, Dr. Workman concluded that Plaintiff has limitations on standing and walking and in sitting frequently, a limited ability to bend or stoop, and can lift and carry less than 5 pounds on an occasional basis. (*Id.*)

The ALJ found these restrictions excessive given the evidence and accorded Dr. Workman's opinion "little weight" because it was inconsistent with his own examination findings. The ALJ noted the exertion level recommended by Dr. Workman appeared based on Plaintiff's subjective complaints rather than the examination findings. (Doc. No. 10 at 20-21.) The ALJ also concluded Plaintiff's testimony was not "reasonably consistent with the objective evidence of record" (*id.* at 28), which further supports the ALJ's determination to accord Dr. Workman's opinion little weight when it appeared to be based on subjective complaints of the Plaintiff.

### B. The ALJ's credibility determination is supported by substantial evidence

Plaintiff objects to the magistrate judge's conclusion that the ALJ's credibility determination was not supported by substantial evidence. (Doc. No. 17 at 5.) An ALJ's determination regarding a claimant's credibility may not be disturbed "absent compelling reason." *See Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Even if the determination is based partially on invalid reasons, it "will be upheld as long as substantial evidence remains to support it." *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 507 (6th Cir. 2013).

Plaintiff objects to the ALJ's credibility finding on the basis that it is "cherry-picking" Plaintiff's testimony and taking things that she says she can or cannot do out of context. The

magistrate judge specifically addressed Plaintiff's objections that the ALJ considered evidence that Plaintiff hosted a Super Bowl party in 2015 and regularly shops for groceries but did not indicate he considered that Plaintiff said both of these things were difficult for her.

The magistrate judge found that even if Plaintiff's arguments on these points were correct, there was "ample evidence to support the ALJ's credibility assessment" so that even if some of evidence considered by the ALJ was improper, his finding was nevertheless supported. (Doc. No. 16 at 12.) The magistrate judge gave examples: Plaintiff's statement that she previously reported that she stopped working because she was laid off, her decision to continue smoking despite being diagnosed with chronic pulmonary disease and being advised to quit, inconsistent allegations of using a cane, normal examination findings inconsistent with her alleged symptoms, and the overall conservative nature of her treatment. (Doc. No. 16 at 12-14.)

In her objection to the recommendation of the magistrate judge, Plaintiff argues that the Super Bowl party and grocery shopping were meant to be illustrative that ALJ also found discrepancies in her testimony about her ability to drive and about the reasons she stopped working based on an inaccurate reading of the evidence. (*Id.*)

The Court disagrees with Plaintiff's assertion that the ALJ inaccurately read the record with regard to these specific facts. Even if the ALJ did not present Plaintiff's feelings about the Super Bowl party (it was difficult) and grocery shopping (it causes anxiety); or include the fact that she stops taking her medication if she needs to drive, the ALJ did not misstate the facts. Plaintiff drives, hosted a Super Bowl party, and goes grocery shopping.

Moreover, even if the ALJ relied on faulty evidence, it would not negate his credibility determination. "So long as there remains substantial evidence supporting the ALJ's conclusions on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion,

9

such is deemed harmless and does not warrant reversal." *Ulman v. Comm'r Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (quoting *Carmickle v. Comm'r Soc. Sec.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

For the reasons stated by the magistrate judge, the Court finds there is substantial evidence in the record to support the ALJ's credibility determination. *See Longworth v. Comm'r Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported the opposite conclusion.")

## **CONCLUSION**

Having conducted a *de novo* review of the Magistrate Judge's determinations and the Plaintiff's objections, for the reasons stated herein, the Court concludes that the Plaintiff's objections are without merit, and the Report and Recommendation should be adopted. Accordingly, Plaintiff's Motion for Judgment Based on the Administrative Record (Doc. No. 13) is **DENIED** and the judgment of the ALJ is AFFIRMED. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE